# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05-CR-176 CAS |
| ) | |
| DERRICK D. BLACKMON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Derrick D. Blackmon's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), initially filed pro se and then subsequently amended by appointed counsel, the Federal Public Defender's Office. The government filed a response to the amended motion, opposing any relief on the basis that defendant was sentenced as a career offender. Because defendant was not sentenced as a career offender, he is eligible for sentence reduction and the Court will grant his motion to reduce sentence.

**Background**.

On March 13, 2006, defendant Blackmon pleaded guilty to one count of distributing a substance containing a detectable amount of cocaine base ("crack") (Count I) and one count of distributing a substance containing five grams or more of crack (Count II). A presentence investigation was conducted and a presentence investigation report ("PSR") was filed on June 21, 2006. The quantity of crack cocaine involved in the offenses resulted in a base offense level of 26. The PSR determined that, based on defendant's criminal history, he qualified as a career offender under U.S.S.G. § 4B1.1. Based on that finding, the PSR calculated his total offense level at 34 after

incorporating the three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. This created a sentencing range of 262 to 327 months. Based on his criminal history computation, the PSR calculated that Blackmon's criminal history category was VI. Blackmon's status as a career offender also placed him in the criminal history category of VI. The PSR also calculated that, but for his status as a career offender, Blackmon's base offense level would have been 26, resulting in an effective offense level of 23 after the adjustment for acceptance of responsibility, with a guideline range of 92 to 115 months.

On June 21, 2006, defendant appeared for sentencing. The Court concluded that the career offender status overrepresented defendant's criminal history, after considering the small amount of drugs involved in his prior drug related offenses and defendant's youthful age at the time of his prior offenses. The Court departed downward one criminal history category pursuant to U.S.S.G. § 4A1.3(b), and imposed a sentence that varied from the advisory sentencing guideline range.[1] The Court sentenced defendant to a term of 200 months imprisonment. Neither party appealed the sentence.

**Discussion**.

Upon motion, a district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Blackmon seeks a reduction in accordance with Amendment 706 to the Sentencing Guidelines, which recently altered the drug quantity table in U.S.S.G. § 2D1.1(c). The government opposes the motion, arguing that Blackmon's guideline range

---

[1] The Statement of Reasons filed June 21, 2006 does not reflect the Court's departure of one criminal history category pursuant to U.S.S.G. § 4A1.3(b). This is an error. See Sent. Tr. at 29.

was based on a career offender enhancement pursuant to § 4B1.1, which is unaffected by Amendment 706, and therefore he is ineligible for a reduction in sentence because his range remains exactly what it was at the time of sentencing. See Gov't. Resp. at 7.

Briefing on this matter was completed prior to the Eighth Circuit's decision in United States v. Tingle, 524 F.3d 839, 840 (8th Cir. 2008) (per curiam). In Tingle, the Eighth Circuit held that the Sentencing Commission "did not lower the sentencing range for career offenders under U.S.S.G. § 4B1.1[.]" The Eighth Circuit has also held that a defendant sentenced under the career offender guideline is not eligible for a reduction in his sentence if he was sentenced below the applicable range based on the government's filing of a § 5K1.1 motion. See United States v. Primers, 277 F. App'x 639 (8th Cir. May 7, 2008) (unpublished per curiam); see also United States v. Peoples, No. 4:03-CR-706 CDP (E.D. Mo. June 10, 2008). These decisions would seem to support the government's argument that because defendant qualified as a career offender, he is ineligible for a sentence reduction. However, this case differs from Tingle, Primers and Peoples in one very important respect: The Court did not sentence Blackmon under the career offender guideline, but instead determined that the career offender designation was inappropriate because it substantially overrepresented defendant's criminal history. The determination of Blackmon's eligibility for a sentence reduction under § 3582(c)(2), therefore, is more analogous to this Court's determination in United States v. Collier, 2008 WL 4204976 (E.D. Mo. Sept. 5, 2008).

In Collier, this Court determined that the career offender designation overrepresented defendant's criminal history. Because of this determination, and after having considered other relevant factors under 18 U.S.C. § 3553(a), the Court imposed a sentence that it believed was sufficient, but not greater than necessary, to comply with the purposes of the statute. Id. at *5. Like

3

Collier, the ruling on Blackmon's motion comes down to the question of whether he was sentenced "based on" U.S.S.G. § 2D1.1 or whether he was sentenced "based on" U.S.S.G. § 4B1.1.

In Collier, the Court discussed decisions from other district courts that provide useful comment on the meaning of the term "based on" in the context of sentencing a defendant who qualified as a career offender but who was not treated as such by the sentencing judge. See Collier at \*\*2-3 (discussing United States v. Ragland, 568 F.Supp.2d 19 (D.D.C. 2008); United States v. Poindexter, 550 F.Supp.2d 578 (E.D. Pa. 2008); United States v. Nigatu, 2008 WL 926561 (D. Minn. Apr. 7, 2008); and United States v. Clark, 2008 WL 2705215 (W.D. Pa. July 7, 2008)); but see United States v. Menafee, 2008 WL 3285254 \*\*2-3 (D. Conn. Aug. 7, 2008). As in Collier, in the instant case, the Court finds that Section 2D1.1 "play[ed] a role" in Blackmon's guideline calculation that was far more significant than the role of Section 4B1.1, the career offender section on which the government argues his sentence was based. See Poindexter, 550 F.Supp.2d at 581.

At sentencing, defendant's counsel presented the Court with the applicable guidelines calculation for defendant's sentence with the career offender designation (262 to 327 months) and without the career offender designation (92 to 115 months). Defendant's counsel specifically asked the Court to consider the guideline range had the career offender provision not been triggered. See Tr. at 3. During the sentencing proceedings, the Court repeatedly expressed its opinion that the career offender provision overstated defendant's criminal history because of his relatively young age at the time of his prior crimes and because of the small amount of drugs at issue in his prior drug-related offenses. See Tr. at 9-10, 17, 20, 23, 28-29. The Court stated that the "mere finding that somebody is a career offender under the Guidelines is . . . advisory." See Tr. at 15. For these reasons, the Court sentenced Blackmon to 200 months imprisonment, a sentence outside the guideline

range for career offenders. As a result of the intent expressed by the Court during the sentencing proceedings to vary from the guidelines applicable to career offenders, the Court concludes that Blackmon's sentence was "based on" Section 2D1.1, and not Section 4B1.1. As in Collier, the Court is mindful of the provision of U.S.S.G. § 1B1.10(b)(2)(B) that where, as here, a court imposes a non-guideline sentence under § 3553(a) "a further reduction [under § 3582(c)(2)] generally would not be appropriate." Because this provision does not foreclose a reduction where the original sentence varied from the guidelines, and because the Sentencing Commission specifically endorses the possibility of a further reduction when the original sentence represented a guideline departure, see U.S.S.G. § 1B1.10 Cmt. n.3, the Court finds that a further reduction is appropriate in this case where the original sentence represented a variance from the guidelines. Collier at *4 (citing United States v. Reid, 566 F.Supp.2d 888, 894-95 (E.D. Wis. 2008)). In the instant case, the variance did not account for the crack/powder cocaine sentencing disparity, and therefore a further reduction is warranted. "To now refrain from further reducing [defendant's] sentence to account for the reduced crack-cocaine sentencing disparity would deny [defendant] the full benefit of the variance which the Court found was warranted under § 3553(a) factors alone." Id. (citing comparable cases).

Because Blackmon's sentence is "based on" a guideline that has been revised, the Court has discretion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The Court will exercise that discretion and modify Blackmon's sentencing range based on the newly-effective version of the drug quantity table in U.S.S.G. § 2D1.1. Under the amended guidelines, absent the career enhancement, defendant's total offense level is 21. Based on this total offense level, Blackmon's new sentencing range would be 77 to 96 months; however, because a statutory mandatory minimum sentence applies to the charges, Blackmon's new sentencing range is 120 months.

In determining to what extent a sentence reduction is warranted under the amended Guidelines, consistent with 18 U.S.C. § 3582(c)(2), the Court considers the factors set forth in 18 U.S.C. § 3553(a), including "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." See U.S.S.G. § 1B1.10, Cmt. 1(B)(i). The Court also considers the nature and seriousness of any danger to any person or to the community that may be posed by a reduction in the defendant's term of imprisonment, see U.S.S.G. § 1B1.10, Cmt. 1(B)(ii).

The Court is not aware of any public safety considerations that would recommend against reducing Blackmon's sentence. With regard to the nature and circumstances of the offense and the history and characteristics of the defendant, in addition to the factors the Court already considered at sentencing, i.e., that his career offender status overrepresented defendant's criminal history because of his youth and the relatively minor amount of drugs at issue in his drug-related offenses, the Court also notes that Blackmon was not charged with or convicted of any firearms-related offenses, and only one violent offense, a second degree burglary of a building owned by a school district in 1994. Under these circumstances, a reduced sentence of 162 months, which represents a reduction in defendant's sentence comparable to the original variance, would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.

**Conclusion**.

For the foregoing reasons, defendant's motion to reduce sentence should be granted, and Blackmon's term of imprisonment is hereby reduced to 162 months. The terms of Blackmon's sentence will remain in effect in all respects other than the term of imprisonment, including all of the conditions of supervised release.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Derrick D. Blackmon's amended motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is **GRANTED**. [Doc. 46]

**IT IS FURTHER ORDERED** that defendant Derrick D. Blackmon's term of imprisonment is hereby reduced to 162 months.

**IT IS FURTHER ORDERED** that the terms of defendant Derrick D. Blackmon's sentence will remain in effect in all respects other than the term of imprisonment, including all of the conditions of supervised release.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of December, 2008.